UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:08-CR-0030-RLY-CMM |
| ) | |
| JEFFREY CURRIE, ) | |
| ) | |
| Defendant ) | |

## AMENDED REPORT AND RECOMMENDATION

A hearing was convened March 22, 2018, on the Government's Petition for Warrant or Summons for Offender Under Supervision. [Docs. 215, 223] filed on May 9, 2017, and June 21, 2017, respectively. This matter was referred by the District Judge for hearing and a Report and Recommendation by the Magistrate Judge on June 19, 2017 and March 14, 2018, respectively. [Doc. 218, 226]

The Magistrate Judge thereafter issued a Report and Recommendation [Doc. 229] to which the defendant filed an objection and motion for a new hearing on April 6, 2018 [Doc. 234] citing an error in paragraph 6(c) of the Report and Recommendation with reference to the timing of an alleged violation after the defendant's incarceration release date. Judge Young thereafter granted the motion in part and denied the motion in part [Doc. 235] on May 18, 2018, and remanded the matter for further proceedings consistent with that Entry. Judge Young correctly observed—and the Magistrate Judge acknowledges with regret—a misreading of the allegations in the Petition. In fact, the

Vanderburgh County charges at issue were filed one year and one day after the term of supervised release commenced.

The issue at hand on remand is whether the erroneous interpretation of the offense date changes the Magistrate Judge's recommendation. It does not. In this regard, the Magistrate Judge references the finding in paragraph 6(d):

> d.	Given the history of this defendant's conduct from 2010 to the present, the failure of post-release supervision evident in the defendant's conduct, and this defendant's <u>second</u> supervised release violation (an early 14-month sentence did little to change the course of events evidently), the Magistrate Judge recommends an 18-month term of imprisonment but concurs with the parties that supervised release is no longer appropriate. Violations 1 and 2 should be dismissed per the parties' agreement.

The Government sought a 24-month sentence at the hearing. The defendant already had served a 14-month term of incarceration as a result of an earlier supervised release violation. As noted, that sentence did little to change the course of the defendant's conduct. In light of further violations, it makes no sense to recommend a term of imprisonment equal to or less than the earlier penalty approved by the Court. The original recommendation already reflected some degree of mercy in light of the Government's request for a longer sentence.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the defendant violated the conditions in the petition, that his supervised release should be revoked, and affirms the original recommendation that the defendant should be sentenced to the custody of the Attorney General or his designee for a period of 18 months with no supervised release to follow. The Defendant is ordered detained pending the District Judge's action on this Amended Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

The parties have 14 days after being served a copy of this Amended Report and Recommendation to serve and file written objections with the District Judge.

Dated: May 29, 2018

*[signature]*
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal